DEVELIA L. BRADBURY, APPELLANT, *v.* JAMES WINTER-
BOTTOM, RESPONDENT.

*Severance of causes of action — offer to allow judgment to be taken for one of several
claims — effect of, on right to sever.*

APPEAL from an order denying plaintiff's motion to sever the action in reference to the claims alleged therein.

The plaintiff alleged two causes of action separately. The defendant denied by answer his liability upon the second cause of action, and served an offer to permit judgment to be taken against him for the amount claimed under the first cause of action. The answer interposed admitted the demand to which the offer related, by failing to refer to it in any way.

The court at General Term said : " The offer was made under section 758 of the Code of Civil Procedure, and within the ten days allowed for its acceptance the plaintiff served notice of a motion for liberty to sever the action and for judgment for the first cause of action admitted, as suggested by the answer, and further that the action continue as to the second claim set out in the complaint. This proceeding was under section 511 of the Code, which provides that where a part of the plaintiff's claim which may be severed from the remainder is admitted upon the pleadings, the court, upon the plaintiff's motion, may, in its discretion, order that the action be severed ; that a judgment be entered for the plaintiff for the part admitted, and if the plaintiff so elect, that the action be continued with like effect as to the subsequent proceedings, as if it had been originally brought for the remainder of the claim. The application thus made was denied, and the plaintiff appealed. The denial must have resulted from a misapprehension of the effect of granting the relief sought, occasioned by the offer which it was doubtless supposed must be retained to prevent the plaintiff from recovering costs, and to secure them to the defendant if successful in resisting the second cause of action.

This was an erroneous view of the issue presented. When a severance is made, if an offer covering the separate claim has been accepted, the costs allowed in granting judgment for the sum would

be to the time of such acceptance, and if no acceptance were given, then to the time of the motion granted. If the plaintiff, proceeding as to the severed claim, did not succeed, the defendant would be entitled to costs, because as to it the action proceeds as if it had been brought only to recover such claim, and the offer would not give the defendant more protection from, or right to costs than the statute confers. The offer, therefore, in such a case accomplishes nothing. If the granting of such a motion as that considered occasioned no prejudice to the defendant, it should not have been refused. It was right under provisions of the Code that the application should be favorably received, because the claim was distinct and as such admitted to be due. The offer doubtless, as already suggested, created the doubt which led to the denial of the motion, but that paper duly considered furnished no reason why the motion should not have been granted, as indicated herein."

The order appealed from should, for these reasons, be reversed, and the motion granted; but, as the question is novel, without costs to either party.

*Moody B. Smith,* for the appellant. *George Stevenson,* for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and INGALLS, J., concurred.

Order reversed and motion granted, without costs to either party.